## MATTER OF LOUIE

### In DEPORTATION Proceedings

### A-13681449

*Decided by Board December 12, 1963*

Service in the U.S. Navy for 1 year, 9 months, and 20 days does not satisfy the minimum period of 24 months in active-duty status required by section 244(b), Immigration and Nationality Act, as amended, notwithstanding the same period of service is considered by the Department of Navy to have satisfied the requirements of 2 years of service on active obligated duty for which inducted.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

The case is before us by certification. The special inquiry officer found respondent deportable upon the charge stated above and denied his application for suspension of deportation. The issue is whether the respondent is eligible for suspension of deportation.

Section 244(a)(1) of the Immigration and Nationality Act under which application is made for suspension of deportation has a requirement that the applicant have been physically present for a continuous period of seven years in the United States prior to becoming deportable; however an exception to this requirement is made for one who "has served for a minimum period of twenty-four months in active duty status of the Armed Forces of the United States * * * (section 244(b) of the Immigration and Nationality Act, 8 U.S.C. 1254(b) (Supp. IV))." The issue is whether the respondent who actually spent one year nine months and twenty days on active duty with the Navy is within the exception.

Respondent a 32-year-old married male, a native and national of China, came to the United States in 1951 to join his father who has been a resident of the United States since 1913. Respondent gained admission upon a false claim to United States citizenship. He made short visits to Hong Hong in 1960 and 1962.

Respondent who was inducted into the United States Navy on November 17, 1955, for two years of active service was transferred to the

Reserves on September 6, 1957 after having served one year nine months and twenty days. He was obligated to serve in the Reserves until November 16, 1961 but failed to perform any Reserve obligation.

The official Armed Forces Report of Transfer received by respondent from the Navy reveals that he was inducted for two years of service and that he served one year nine months and twenty days. A letter dated December 20, 1962, from the Department of the Navy, Bureau of Naval Personnel, at Washington, D.C., reveals that under certain circumstances, enlisted personnel may be separated three months or less prior to the normal date of expiration of active obligated service, provided such early separation is in the best interest of the government and that such service is considered to have satisfied the requirement that the person serve two years on active obligated duty. The respondent is, therefore, considered by the Navy to have fulfilled his obligation to serve on active duty for a period of twenty-four months toward his Naval Reserve obligations (Ex. 5).

The special inquiry officer stated that despite the Navy's view of the respondent's service, the fact was respondent had not served the full twenty-four months required by the statute; he therefore did not come within the exception created by the statute. Counsel believes that the decision of the Department of the Navy that respondent has served twenty-four months on active duty should be controlling as to the length of the respondent's service. He points out that the immigration law expressly provides in some instances that the decision of branches of the Department of Defense are conclusive as to the existence of service. He points out that the congressional history of the legislation reveals that it was desired to benefit aliens who had served honorably for a stated period of time in the Armed Forces of the United States. He believes that in fixing the twenty-four month period of active duty, Congress was referring to a minimum period of service, and he points out that the respondent has satisfactorily completed his minimum period of service. In the event that the decision is adverse to the respondent, counsel requests that the decision be certified to the Attorney General for a final administrative order.

We believe the special inquiry officer has ruled properly. The law makes eligibility for relief dependent on proof that an alien has served at least 24 months in an active duty status. Respondent has not served this minimum period. The law makes no exception; it does not provide that acceptance of a lesser period of service by the Department of Defense shall constitute a waiver of the law's requirement. It is clear, therefore, that respondent who has served less than twenty-four months has failed to establish his eligibility for relief. While it may well be that Congress did not envision the situation before us, and would have made provision to grant relief if it had, the fact re-

mains that there is no authority to accept less than proof of at least twenty-four months of active duty service.

There is no procedure for the certification of a case to the Attorney General at the request of an attorney (8 CFR 3.1(h)). We do not believe the case merits the attention of the Attorney General.

**ORDER:** It is ordered that no change be made in the order of the special inquiry officer.